Dear Secretary Barham:
You have requested an opinion of this Office regarding the interpretation of Act 922 of the 2008 Regular Session of the Louisiana Legislature, and the regulations adopted pursuant thereto, as it pertains to the issuance of oyster seed ground vessel permits. As will be discussed in more detail herein, it is the opinion of this Office that if an applicant for an oyster seed ground vessel permit qualifies for such permit under the requirements of the Act, then that vessel owner automatically qualifies to receive a permit for every vessel for which he applies.
In order to interpret the proper meaning of Act 922, we must look to the rules of statutory construction, which are set out in the Louisiana Civil Code and applicable jurisprudence. Legislation is the solemn expression of legislative will; thus, the starting point in the interpretation of any statute is the language of the statute itself. La.C.C. Art. 2. Furthermore, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.C.C. Art. 9. However, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La.C.C. Art. 10. Further, the meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law. Colvin v. Louisiana PatientsCompensation Fund Oversight Board, 2006-1104 (La. 1/17/07), 947 So.2d 15.
With these rules in mind, we must first look to the language of the Act to determine the proper meaning of La.R.S. 56:433.1. Act 922 created a limited entry system for the use of certain public natural reefs or the oyster seed grounds or reservations. Pursuant to the Act, beginning on January 1, 2009, all oysters taken from these grounds may only be placed on a vessel which has been issued an oyster seed ground vessel permit by the Department of Wildlife and Fisheries (the "Department"). Further, according to the Act, a permit may only be issued to a person who has commercially harvested oysters *Page 2 
in certain past license years or to a person owning a vessel that was engaged in the commercial harvest of oysters.[1] More specifically, subsection (B)(1) and (2) of the Act provide as follows:
 (B) The following vessel owners, as listed in the official records of the department at the time of application for the permit or who can, at the time of application, demonstrate to the department that ownership of that vessel has transferred to them, shall be eligible to receive an oyster seed ground vessel permit:
 (1) Any person who owned a vessel that was licensed at any time during license years 2004, 2005, 2006, or before May 31 in license year 2007 and can demonstrate through trip ticket submissions that his vessel had oyster landings in the state of Louisiana between January 1, 2004, and May 31, 2007.
 (2) Any person who purchased or constructed a vessel and licensed that vessel in the state of Louisiana between January 1, 2004, and April 30, 2008, and who can demonstrate through trip ticket submissions that oysters were landed on that vessel in the state of Louisiana between the time of that vessel's purchase or construction and July 1, 2008.[2]
Similarly, the Department promulgated regulations, as required by Act 922, which provide:
 (C) Proof of Participation: In addition to the requirement of Subsection B herein, [3] applicants must meet either Paragraph 1, 2, or 3 below to be issued a permit:
 (1) applicant owned a vessel that was properly licensed and registered in applicant's name during a time in which department trip ticket records demonstrate that the vessel had commercial oyster landings in the state of Louisiana between January 1, 2004 and May 31, 2007;
 (2) for applicants who purchased or constructed a vessel and licensed that vessel for commercial fishing in the state of Louisiana between January 1, 2004 and April 30, 2008, and department trip ticket records demonstrate that oysters were landed on that vessel in the state of *Page 3 
Louisiana between the time of the vessel's purchase or construction and July 1, 2008;[4]
It is clear from the language of section (B) of the Act that while the qualifying criteria of the statute is based on whether a particular applicant owns, or has owned, a vessel that harvested oysters in Louisiana during certain past license years, [5] the eligibility status attaches not to that vessel, but rather to the owner of that vessel. Thus, a more simplified reading of the statute reveals that it is the "vessel owner. . ." that ". . .shall be eligible to receive an oyster seed ground vessel permit." LAC 76:VII.525 similarly demonstrates that it is the applicant, and not the vessel, that qualifies for eligibility to receive a permit, upon demonstrating that the applicant owns, or has owned, a vessel that harvested oysters during the applicable license years.[6]
In order to illustrate the operation of Act 922, you posed the following hypothetical in your opinion request:
 A vessel owner has been actively engaged in oyster harvesting for many years and owns a vessel that was licensed as a commercial fishing vessel for the years 2004-2007. He has trip tickets indicating that oysters were harvested from that vessel during the same years (2004-2007). He applied for and received an oyster vessel permit for this vessel, based on meeting the eligibility requirements of R.S. 56:433.1(B)(1) and LAC 76:VII.525(C)(1).
 He has a second vessel that is properly registered and licensed as a commercial fishing vessel for the same years (2004-2007). However, this second vessel has not been used to harvest oysters at any time in the past and there are no trip tickets indicating oysters were ever harvested from this vessel.
 Since the vessel owner qualified and previously received an oyster vessel permit for his first vessel under (B)(1) of the Act and (C)(1) of the regulations, does this, in and of itself, qualify him to receive a permit for the second vessel even though the second vessel does not have trip-ticket recorded landings during the qualifying period? In other words, by qualifying for the first vessel, does that provide de facto qualification for his second vessel even though the second vessel would not qualify if considered alone, either under (B)(1) or (B)(2)? *Page 4 
Based on the analysis of Act 922 provided herein, it is the opinion of this Office that because the vessel owner in your hypothetical qualified, and received, an oyster seed ground vessel permit for his first vessel, then that vessel owner is also eligible to receive an additional oyster seed ground vessel permit for his second vessel upon application for same. Additionally, the vessel owner would also be eligible to receive a permit for any and all vessels he currently owns regardless of whether these vessels meet the qualifying criteria. This is true because the eligibility, once met, attaches not to the vessel but to the owner of that vessel.
We hope that this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our Office.
 Yours truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________________ Megan K. Terrell Assistant Attorney General
 JDC/MKT/tp
[1] Subsection (B)(3) of newly enacted La.R.S. 56:433.1 also permits persons who own a vessel that is under construction in the State of Louisiana that is at least fifty percent complete on July 1, 2008, to receive a permit; however, for purposes of this opinion, this category of eligible vessel owners is not relevant to the discussion.
[2] La.R.S. 56:433.1 [emphasis added].
[3] Subsection B of the regulation references the necessity of meeting the requirements of La.R.S. 56:433.1, as well as provides for the method of proving vessel ownership. LAC 76:VII.525(B) [emphasis added].
[4] LAC 76:VII.525(C) [emphasis added]. Paragraph 3 of 525(C) includes a third method of achieving the qualifying criteria but is not relevant to the outcome of this opinion and thus is not provided herein.
[5] Subpart (1) qualifies applicants who previously owned a vessel that harvested oysters during the applicable license years, whereas subpart (2) qualifies applicants who currently own a vessel that harvested oysters during the applicable license years. La.R.S.56:433.1(B)(1) and (2).
[6] LAC 76:VII.525(C) ("applicants must meet. . .[the requirements] below to be issued a permit").
111